Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor (Sol#1119411)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
　　　Telephone: (213) 894-5410
　　　Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>　Secretary of Labor,<br>　United States Department of Labor,<br><br>　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>**DAHDOUL TEXTILES, Inc.,**<br>　a California Corporation,<br>**ALI DAHDOUL**, individually and as<br>　managing agent of corporate defendants;<br>**IMAD DAHDOUL,** individually and as<br>　managing agent of corporate defendants,<br>**AHMAD DAHDOUL,** individually and as<br>　managing agent of corporate defendants,<br><br>　　　　　　Defendants. | Case No. CV12-9950 JFW(Ex)<br><br>**CONSENT JUDGMENT** |

　　　　Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Dahdoul Textiles, Inc., a California Corporation, Ali Dahdoul, individually and as managing agent of corporate defendant, Imad Dahdoul, individually and as managing agent of corporate defendant, and Ahmad Dahdoul, individually and as managing agent of corporate defendant (collectively "Defendants"), have

agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

    B.    Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint.

    C.    Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

    D.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

    E.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

    F.    Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2) and 215(a)(5), in any of the following manners:

    1.    Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any em-

ployee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

    2.  Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

    3.  Defendants, jointly and severally, shall not continue to withhold the payment of $130,000 in overtime pay hereby found to be due under the FLSA to 57 employees, as a result of their employment by Defendants during the period of June 8, 2009 through June 8, 2012 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

    4. IT IS ORDERED AND ADJUDGED that the plaintiff shall also have and recover from the defendants, jointly and severally, the additional amount of $130,000 (constituting 100 percent of the back wages that so became due and unpaid in each instance) as and for liquidated damages hereby found to be due under the FLSA.

    5. The Defendants, jointly and severally, shall not continue to withhold payment of $10,000 in unpaid civil money penalties assessed against the Defendants and finally determined, pursuant to authority granted in FLSA § 16(e), for violations of the overtime pay provisions of the FLSA during the backwage accrual period.

6. To accomplish the requirements of Paragraphs 3, 4, and 5, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd., Suite 960, Los Angeles, CA 90017, the following:

    a. On or before December 1, 2012, a schedule in duplicate bearing the name of the corporate Defendant, employer identification number, address, and phone number of the corporate Defendant and showing the name, last known (home) address, social security number, gross backwage amount (as listed in the attached Exhibit 1), the amounts of legal deductions for social security and withholding taxes thereon (that the defendants shall pay directly to the federal and State agencies entitled thereto, when due (and, in any event, not later than one year after submitting to the plaintiff the last of the net backwage amounts due hereunder)), and the resulting net backwage amount for each person listed in the attached Exhibit 1.

    b. On or before December 27, 2012, a **separate** check or money order for **each** person named in the attached Exhibit 1, each of which shall be made payable to the order of the particular person and the Wage & Hour Division, U.S. Department of Labor, as **alternative** payees (for example: "Pay to the order of (Employee Name) **or** the Wage & Hour Div., Labor"), and each of which shall be in an amount equal to 100 percent of the net amount due to the particular person after making the aforementioned legal deductions (which deductions shall be submitted by defendants to the federal and state agencies entitled to them, when due (and no later than one year after submitting to the plaintiff the last payment due hereunder)) from the total gross amount listed opposite his or her name in the attached Exhibit 1. In the event that a check is returned for "Not Sufficient Funds," Defendants shall replace such check with a cashier's check and provide to the Wage and Hour Division an additional check in the amount of $500.00 payable to the United States Treasury for every returned check.

c. On or before December 27, 2012, a **separate** check or money order for **each** person named in the attached Exhibit 1, each of which shall be made payable to the order of the particular person and the Wage & Hour Division, U.S. Department of Labor, as **alternative** payees (for example: "Pay to the order of (Employee Name) **or** the Wage & Hour Div., Labor"), and each of which shall be in an amount equal to 100 percent of the total gross liquidated damages due hereunder to the particular person, i.e. an amount equal to 100 percent of the total gross amount listed opposite his or her name in the attached Exhibit 1. In the event that a check is returned for "Not Sufficient Funds," Defendants shall replace such check with a cashier's check and provide to the Wage and Hour Division an additional check in the amount of $500.00 payable to the United States Treasury for every returned check.

d. In the event of a default in the timely making of any of the payments specified herein, the full amount under the backwage provisions of this Judgment which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary;

e. On or before December 27, 2012, a check or money order with the firm name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., Labor," in the amount of $10,000 in payment of the civil money penalty assessed against the defendants for overtime pay violations.

7. The Secretary shall allocate and distribute the funds described in paragraph 3 and 4 less deductions for employees' share of social security and withholding taxes to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their re-

fusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

    8. Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

    a. Defendants shall record all hours worked by employees in the payroll records.

    b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

    c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

    d. Defendants shall pay employees for all compensable waiting time.

    e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

    f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

    g. Defendants shall not require employees to work "off the clock" either before or after their shift.

    h. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee;

    9. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, liquidated damages or the funds in restitution of the retaliation from any of the employees listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment. Violation of this para-

graph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

10. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

11. On at least an annual basis, Defendants shall hire an independent third party to conduct training at each location as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements. All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training. Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request. This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

12. Within the first six months of the execution of this Judgment, Defendants shall allow representatives of the Wage and Hour Division of the U.S. Department of Labor to conduct a presentation at each business location as to the requirements of the FLSA and this Judgment. Defendants shall require all employees to attend this presentation.

13. Within 30 days of the entry of this Judgment Defendants shall supply all of their employees with copies of the attached Exhibit 2, which summarizes terms of this Judgment and the employees' rights under the FLSA. The English and Spanish versions are attached. In addition, Defendants shall provide copies of Exhibit 2 to all new hires,

1  and post a copy at each business establishment in an area that is frequented by employ-
2  ees and where it is highly visible. This provision shall be in effect for a period of four
3  years from the date entry of this Judgment by the Court.

4      14.   Within 10 days of the entry of this Judgment, Defendants shall post the
5  terms of this Judgment at each business establishment in an area that is frequented by
6  employees and where it is highly visible. This provision shall be in effect for a period of
7  four years from the date entry of this Judgment by the Court.

8      ORDERED that the filing, pursuit, and/or resolution of this proceeding with the
9  entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA
10 § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor
11 as to any employee named on the attached Exhibit 1 for any period not specified therein;
12 and, it is further

13     ORDERED that each party shall bear its own fees and other expenses incurred by
14 such party in connection with any stage of this proceeding, including but not limited to
15 attorneys' fees, which may be available under the Equal Access to Justice Act, as
16 amended; and, it is further

17     ORDERED that this Court shall retain jurisdiction of this action for purposes of
18 enforcing compliance with the terms of this Consent Judgment.

Dated: November 29, 2012.

_____
John F. Walter, U.S. District Court Judge

For the Defendants:

The Defendants hereby appear, waive any defense herein, consent to the entry of this Judgment, and waive notice by the Clerk of Court:

For: Dahdoul Textiles, Inc.

By: _____   Date: 11-15-2012

Its: Vice President / Al. Dahdoul

For: Ali Dahdoul

By: _____   Date: 11-15-2012
Ali Dahdoul, Individually

For: Imad Dahdoul

By: _____   Date: 11/15/2012
Imad Dahdoul, Individually

For: Ahmad Dahdoul

By: _____   Date: 11-15-2012
Ahmad Dahdoul, Individually

Consent Judgment                                                                 Page 9 of 15

1
2
3  Attorneys for the Defendants
4
   EZRA BRUTZKUS GUBNER LLP
5
6
7  _____    _11/19/2012_____
8  Richard Mann, Attorney            Date
9  Ezra Brutzkus Gubner, LLP
   21650 Oxnard Street, Suite 500
10 Woodland Hills, CA 91367
11 Tel: (818) 827-9000
   Fax: (818) 827-9099
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Consent Judgment**

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____     11-26-12
BORIS ORLOV, Attorney               Date
Attorneys for the Plaintiff
U.S. Department of Labor

EXHIBIT 1

| Name | Period Covered | | Back Wages | Liquidated Damages |
|---|---|---|---|---|
| Acosta, Juan | 10/10/2010 | 12/25/2011 | $2,496.00 | $2,496.00 |
| Adame, Alex | 10/3/2010 | 12/25/2011 | $2,704.00 | $2,704.00 |
| Alfaro, Elsa | 11/13/2011 | 12/25/2011 | $838.50 | $838.50 |
| Alvarez, Eufemia | 10/10/2010 | 12/25/2011 | $2,811.00 | $2,811.00 |
| Alvarez, Roxana | 10/4/2009 | 12/25/2011 | $4,056.00 | $4,056.00 |
| Avila, Ana | 10/3/2010 | 12/26/2010 | $1,352.00 | $1,352.00 |
| Avila, Brenda | 11/14/2010 | 12/25/2010 | $728.00 | $728.00 |
| Avila, Sylvia | 10/3/2010 | 2/26/2010 | $1,352.00 | $1,352.00 |
| Barrueta, Brenda | 10/10/2010 | 10/16/2011 | $1,456.00 | $1,456.00 |
| Brado, Aida | 10/11/2009 | 12/25/2011 | $4,056.00 | $4,056.00 |
| Cabrera, Yenisleydi | 12/11/2011 | 12/25/2011 | $416.00 | $416.00 |
| Calderon, Eduardo | 10/11/2009 | 12/25/2011 | $4,397.25 | $4,397.25 |
| Canales, Wendy | 10/18/2009 | 11/28/2010 | $1,265.51 | $1,265.51 |
| Cardoza, Isaac | 10/10/2010 | 12/25/2011 | $2,710.50 | $2,710.50 |
| Castellano, Elsa | 10/11/2009 | 12/27/2009 | $1,267.50 | $1,267.50 |
| Chavez, Olga | 12/5/2010 | 1/2/2011 | $520.00 | $520.00 |
| Cisneros, Flores | 11/13/2011 | 12/25/2011 | $728.00 | $728.00 |
| Coto, Enrique | 10/11/2009 | 12/25/2011 | $4,059.25 | $4,059.25 |
| Eneyda, Prado | 10/4/2009 | 12/25/2011 | $4,589.00 | $4,589.00 |
| Espinoza, Angel | 10/10/2010 | 12/25/2011 | $2,603.25 | $2,603.25 |
| Flores, Abel | 10/4/2009 | 12/25/2011 | $4,638.43 | $4,638.43 |
| Galvan, Jose | 10/3/2010 | 12/26/2010 | $1,248.00 | $1,248.00 |
| Garcia, Anayali | 12/12/2010 | 12/25/2011 | $728.00 | $728.00 |
| Garcia, Raquel | 12/5/2010 | 12/26/2011 | $728.00 | $728.00 |
| Hernandez, Yadira | 10/4/2009 | 12/25/2011 | $4,342.00 | $4,342.00 |
| Landeros, Beatriz | 10/3/2010 | 12/25/2011 | $2,811.25 | $2,811.25 |
| Leal, Stephany | 11/7/2010 | 12/25/2010 | $832.00 | $832.00 |
| Lopez, Claudia | 12/27/2009 | 12/25/2011 | $549.49 | $549.49 |
| Lopez, Darvn | 10/11/2009 | 12/27/2009 | $1,248.00 | $1,248.00 |
| Lopez, Gladys | 10/4/2009 | 1/1/2012 | $2,998.82 | $2,998.82 |
| Lopez, Glency | 10/3/2010 | 12/25/2011 | $2,788.50 | $2,788.50 |
| Lopez, Merlin | 10/4/2009 | 12/18/2011 | $4,069.00 | $4,069.00 |
| Lopez, Sixta | 9/13/2009 | 12/25/2011 | $4,553.00 | $4,553.00 |
| Manriquez, Lizbeth | 10/10/2010 | 12/25/2011 | $2,600.00 | $2,600.00 |
| Marinero, Leovardo D. | 10/3/2010 | 12/26/2010 | $1,436.50 | $1,436.50 |
| Mejia, Mayra | 11/7/2010 | 12/26/2010 | $832.00 | $832.00 |
| Mejia, Obed | 10/9/2011 | 12/25/2011 | $1,248.00 | $1,248.00 |
| Melendez, Javier | 10/3/2010 | 11/21/2010 | $838.50 | $838.50 |

**Consent Judgment**                                                        Page 12 of 15

| Name | Date 1 | Date 2 | Amount 1 | Amount 2 |
|---|---|---|---|---|
| Michel, Candelirio | 10/3/2010 | 12/26/2010 | $1,352.00 | $1,352.00 |
| Miramontes, Cesar | 10/24/2010 | 12/26/2010 | $1,040.00 | $1,040.00 |
| Monje, Paola K. | 10/3/2010 | 12/25/2011 | $2,704.00 | $2,704.00 |
| Montejo, Luis | 10/4/2009 | 12/25/2011 | $4,498.00 | $4,498.00 |
| Montoya, Belinda | 10/3/2010 | 12/25/2011 | $2,704.00 | $2,704.00 |
| Osorio, Oscar | 10/31/2010 | 11/28/2010 | $520.00 | $520.00 |
| Racillas, Alejandro | 10/3/2010 | 12/25/2011 | $1,872.00 | $1,872.00 |
| Ramirez, Clara | 10/11/2009 | 12/25/2011 | $4,598.75 | $4,598.75 |
| Rodriguez, Selena E. | 11/13/2011 | 12/4/2011 | $416.00 | $416.00 |
| Rojas, Yoselli | 11/7/2010 | 12/25/2011 | $624.00 | $624.00 |
| Ruiz, Helen Y. | 10/4/2009 | 12/27/2009 | $1,352.00 | $1,352.00 |
| Salguero, Beatriz | 10/4/2009 | 12/25/2011 | $4,065.00 | $4,065.00 |
| Sarmiento, Javier | 10/3/2010 | 12/25/2011 | $2,600.00 | $2,600.00 |
| Soto, Maria | 10/4/2009 | 12/25/2011 | $4,056.00 | $4,056.00 |
| Trevino Jr., Billy J | 10/3/2010 | 12/25/2011 | $2,704.00 | $2,704.00 |
| Bautista, Gustavo | 10/4/2009 | 12/25/2011 | $2,912.00 | $2,912.00 |
| Valdez, Leonardo | 10/4/2009 | 12/25/2011 | $3,783.00 | $3,783.00 |
| Vargas, Carla | 10/4/2009 | 12/25/2011 | $3,744.00 | $3,744.00 |
| Zatarain, Clara | 10/3/2010 | 10/23/2011 | $1,560.00 | $1,560.00 |
| Total | | | $130,000.00 | $130,000.00 |

EXHIBIT 2

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Dahdoul Textiles, Inc.**, from violating the overtime requirements of the **Fair Labor Standards Act**. All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.**

# NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen. A su vez, también estipula que todo empleado que trabaje extra, más de 40 horas en una semana laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra trabajada. Todos los empleados, independientemente de que se les pague por **hora** o por **pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la **Corte de Distrito de los Estados Unidos** expidió una orden que prohíbe a **Dahdoul Textiles, Inc.,** de violar los requisitos de pago de el sueldo minimo y de el pago de sobretiempo que estipula la ley de el **Fair Labor Standards Act**.

Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este empleador no viole la orden de la Corte. **Si usted piensa que no le están pagando de acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (213) 894-6375. Su llamada será confidencial.**